%HESITATION your argument %HESITATION the morning your honor's your honors may please the court steven mccaff on behalf of when we're styles when we're styles to me represent something bigger and that is one of the most difficult %HESITATION crucial times that a defense attorney goes through in trying any case state or federal and i say state because as i've thought about having a scripted speech preacher your honor's today i thought about a case that i try with my wife on a state level would you address and i i appreciate what you've got here but i think the one of the issues at least is the speedy trial issue yes your honor would you just address why it's not the case that uh... the defendant here uh... actually consented to uh... extend that the time and why why is there a violation here the violations will be twofold and there would be pre indictment issue and then post indictment issue focus first on the pre indictment issue pre indictment issue essentially pre indictment there were no signed waivers by mister styles there was some time that was consented but the record is devoid any signature or any on the record statement of mister styles actually consenting to any time being waived at his initial hearing as initial arraignment he would have consented to that at that point but after april twenty fifth two thousand sixteen essentially the record is devoid him consenting to any time after that day specifically in that there is no written waiver following the indictment i'd just ask that your honors consider all of the motions that were made by council in regards to the seventy day speedy trial issue of mister styles actually going to trial so that issue is twofold prior to indictment and then post indictment there has been some time that had that absolutely was conceded to but absent that first arraignment there were no the court asked to be post indictment uh... the court found that this was in the interest of justice all the delay and while it said uh... that there was consent we have cases which say that it doesn't matter if it really is in the interest of justice so it's hard for me to see that argument the more interesting argument to me has to be the pre indictment one where nothing was claimed in time but it isn't absolutely clear to me that despite whatever circuits have held that there is that requirement for a pre indictment i mean the clauses of about doing it before is in the pre arraignment in the arraignment one isn't it yes absolutely your honor and that issue is there's just too many factors here that are still unclear there's too many factors as to what was going on behind the scenes in regards to Mr. Stiles switching counsel what conversations were actually done but essentially if you look at the maximum time that Mr. Stiles would have faced in conjunction with him now being detained for the first time and his every time he could to speed up this process he was constantly pushing his attorneys to continue to basically push trial as soon as he possibly could your honor so there are what was actually conceded to was never put in writing he expressed those concerns on the record this was post indictment about him never actually having these conversations with counsel and being adequately advised and that he never actually signed any effective waiver so I ask that your honors just take a look as well at the post indictment I have a more fundamental question I don't think any court has said this but as I read section 3162 A1 that is the pre indictment sanctions provision it says I'm leaving out some extraneous words but if no indictment or information is filed within the time limit such charge against that individual contained in such complaint shall be dismissed or otherwise dropped I don't see anything in there that says anything about dismissing an indictment it says in the case of an individual against whom a complaint is filed if there's no indictment within the thirty day time limit as extended the charge in the complaint shall be dismissed so before we even get to the question of waiver by not moving to dismiss the indictment before trial if you say well you have to look only at A1 not at A2 I don't even see where there's a provision for dismissing the indictment it seems to me the remedy is you move to dismiss the complaint on day thirty one and if you don't do that I don't see anything that says you can ever move to dismiss the indictment after the indictment is filed so can you help me out with the language of the statute I think your honor is interpreting it correctly and the issue is that counsel did not adequately preserve the record specifically pre indictment and the record was not actually adequately preserved until post indictment  essentially has continued throughout this case with Mr. Stiles I'm very puzzled about what arguments you're actually raising because you did start out talking about both the thirty day time limit for indictment and the seventy day time limit for trial but I don't see any argument in your brief that the trial right was denied not word one about that now you're saying the real problem is ineffective assistance of counsel which also was not raised in your brief as far as I know that is correct your honor that is not raised but specifically that is where there is the issues are unclear as to exactly what Mr. Stiles was advised and what he actually did consent to so this entire situation has caused such an issue because of those unclarities yeah but why does the consent even show up as an issue when the government's argument is basically that it was waived after the fact by failing to make a motion to dismiss the indictment and again it's an interesting question every circuit that's decided has decided that the waiver provision in A2 applies to the entire section but I'm not even sure that you even get there under the language of the statute and I'm wondering do you have any argument about that not specifically I think your honor is interpreting the language of the statute correctly and I ask that your honors take into consideration each of the the motions that were made by defense counsel to dismiss this case after the indictment and see that each one of those decisions denying those motions was an error so I ask that you is that an argument that appears anywhere in your brief yes your honor I do mention essentially that I mean just look at the captions the headings two and three have nothing to do with speedy trial one is the conviction must be reversed and the indictment dismissed because it was filed late in violation of the speedy trial act now that doesn't say anything about motions made to dismiss the indictment afterwards for failure to grant a speedy trial within the seventy day limit and then I've just read it's very easy to read quickly because it's very short your argument about the speedy indictment rule and I don't see anything in there that says oh the real problem is that or any problem exists with the seventy day period for speedy trial so I'm wondering what am I missing where is that your honor that is correct I did not have an actual bold point heading addressing this issue can you tell me where there's a word a sentence an argument that says so much as in a footnote besides he also didn't get his uh... speedy trial within seventy days that would be page six your honor of my brief starting in the the second paragraph on july eleven two thousand seventeen appellant moved to dismiss the indictment claiming his rights were violated as the seventy day time limit for the trial provided under speedy trial that's that's a description of what he did and where are you saying there was error I'm saying that him moving and placing it on the record at that time about him never being advised and never actually affecting any waiver throughout the entire process was his objection that Mr. Stiles put on the record and based on him putting this objection on the record and continuing on to how the court addressed this issue on page seven of my brief that essentially encompasses each of the motions that defense counsel made prior to trial after indictment and prior to trial addressing the seventy day rule we'll hear from your adversary uh... the government and then you've reserved three minutes for rebuttal thank you your honors may it please the court assistant U.S. attorney Hal Chen for the United States your honors have captured the speedy indictment issue precisely on its head the fact of the matter is on a factual basis on this record there were six separate waivers the first one that was oral down in court as colloquied by magistrate judge garfinkel and then five separate waivers signed by Mr. Stiles himself waiving his right to speedy indictment because the parties with the two predecessor counsel the two initial counsel were trying to work out a disposition that would resolve his criminal liability quickly uh... unfortunately that didn't come to pass uh... but as your honor has pointed out uh... the statute says if if there's a a failure to move before trial under subsection a two you waive your right to dismiss and i would commend to your honors that applies not to the indictment it applies to the speedy trial uh... i understand that every other circuit has ruled that that applies to indictment uh... but frankly that's very hard reading and the argument made by the other circuits doesn't make terribly much sense because they talk about the word section but the word section in this part of the statute is very sloppy sometimes it means one thing sometimes it means another so unless we buy the argument it was made by judge lynch you don't get to that at all because of the dismissal of the complaint we have real problems and i'd like you to address that also address how it happens that none of the other circuits have gone in the way judge lynch has suggested your honors first i would uh... point out two points of the analysis that was brought out in the satyr white case the leading case from the sixth circuit first under zender zender makes clear that it's the defendant's role to spot speedy trial issues and zender was very clear that there should not be no encouraging of gamesmanship in which the defense at the last as a matter of policy i don't have any doubt about that at all and i don't see a difference between one and the other which is why the other circuits do that and maybe we should just go on policy but these days we are told to pay particular attention to the literal language to the game of the statute and it's there that i have problems i would agree with your honor that thirty one sixty two a two is not crystal clear with respect to the waiver of the right with respect to the speedy indictment however i would submit to your honors the best reading of the statute given the language that your honors have already pointed out under this section versus under this paragraph i would say is the best clue of congress' intent with respect to the waiver issue in addition uh... the body of thirty one sixty one at seek when you look at speedy trial it tends to treat indictments and trials in a similar fashion so those would be the the three bases the two other separate bases other than the policy basis pointed out by your honor but i would say we could if your honors wished to resolve the issue on the basis that uh... judge lynch has pointed out there's no question it's been conceded by brother counsel that there was no motion made to dismiss based on a untimely indictment in fact i mean there there's a series of oral and written consents so why why do we even have to get to where you are exactly your honor i think you can short circuit uh... your analysis by getting to that point let me ask you a question uh... about uh... this separate analysis that was the subject of some back and forth uh... with mister metcalf so if uh... uh... ultimately the speedy indictment provision is uh... violated and the complaint or a claim within the complaint is uh... dismissed uh... what's the government's position with respect to whether the government can then reinstate that claim in a subsequent indictment your honor i would i have not briefed this issue but uh... instinctively if you go to the wingo factors in this situation the government hasn't done anything untoward hasn't done anything i'm not suggesting that i'm just asking a simple question could you repeat it your honor uh... let's say that there is a speedy indictment for lack of a better word or term uh... violation and that uh... the claim in the complaint uh... is dismissed as a result can the uh... government notwithstanding the dismissal of that claim in the complaint reintroduce that claim in an indictment i would think so your honor unless the district court found some you don't have to think you can look at the language of thirty one sixty two a one which provides for this precise eventuality and says exactly the same thing that it says with respect to in uh... a two with respect to a speedy trial claim that the court then determines whether to dismiss the case with or without prejudice and shall consider various factors so the court could say if it was an egregious violation uh... this charge is dismissed with prejudice now in the normal practice the complaint typically only has one charge in it i've seen others that don't but that's the typical practice uh... and then presumably anything that isn't uh... would not be covered and other accounts could be rising from the same transaction could show up in an indictment but that would be with prejudice but it could also be dismissed without prejudice but again if you read it literally then this motion is only made when the only thing pending is a complaint and so the real benefit to the defendant i suppose is he goes free uh... at least for that moment because there's no pending anything against him uh... at that moment the government may pursue other charges or there may be litigation over whether it's with or without prejudice but it's curious and it also goes to judge calabresi's point about uh... uh... you know is is this really to be solved by how you read the word section uh... that in this instance the exact same language is repeated in both a one and a two which does make it seem all the more peculiar that the uh... language about failure to move for dismissal prior to trial is not repeated in the in a one yes your honor but these are puzzles and your basic position i take it is that uh... there is no violation so we don't need to rely on these various waiver arguments because there were proper exclusions of time uh... made by the magistrate or the presiding judge or whoever was in charge during that interim period yes your honor and based on the defense motion it wasn't even a uh... the government had a dog in that fight it was essentially the government accommodating the defense not opposing that position because we thought at the time we were going to reach a disposition uh... that would obviate the need for an indictment in this case but i am kind of curious as to whether the government is urging us to join essentially to join the other circuits and to read this statute in a way which is awkward but which settles this for a variety of cases or whether the government is pushing us to decide this case on its own narrow facts and what happened here without reaching any of the other questions because you know that assuming we agree with you which is not certain but assuming that we did that affects whether we write an opinion or what we do in this it would be the latter your honor i can sense your honor's discomfort with the vagueness within the statute and apparently with some of the gaps of the rationale within the body of the six circuits which have gone that way i don't think you need to extend the circuits law with respect from the speedy trial act waiver to the speedy indictment waiver i think you can resolve this case on a factual basis without having to reach that issue we've lasted from uh... when this statute was it after sixty eight or seventy uh... nineteen sixty eight in the last millennium until now without having to resolve this question because i take it it is very unusual that there's a colorable claim of a speedy indictment violation and uh... there may not even be one here i think that uh... the factual fortuity in this case is that the government's consent to the speedy indictment waivers which is essentially a shield used by the defendant at the time because the government was at the time contemplating more serious charges other than the passport fraud case he benefited from this he's essentially now an appeal using it as a sword instead of a shield we have an ineffective assistance of counsel argument before us yes uh... but once again if we do have it before us well this is why the argument before us today uh... i would submit to your honors that because the waiver was actually signed five separate times and that the defendant was colloquied by the magistrate it's difficult to square the ineffective assistance argument at this time given that there was a knowing and intelligent waiver uh... made by uh... mister stile during the pendency of the first six to seven months of this case thank you very much thank you your honors thank you your honors i ask that we briefly just take a look at my final argument regarding federal rule evidence six oh nine and that is essentially where i was going down as the most difficult decision that a defense attorney has to make and that's whether or not to put your client on the stand that inquiry and that back and forth is a brutal process when having to go forward and actually make that decision after the government rested specifically the court stated to mister stiles in some in substance if you wish to testify you will be rigorously cross-examined that was it at that point in time for the first time the government then mentions that they could the word could cross-examine mister stiles about a nineteen ninety three drug conviction the court then did no analysis about the government's position there was no inquiry made there was no further inquiry made there was no ruling there was no limitations there was actually nothing further said so at that point, was there an objection made when the questions were eventually asked? when the questions were eventually asked mister stiles himself objected on the stand and i cite that specific inquiry in my brief first the government asked mister stiles have you ever sold drugs before specific details about that case mister stiles said way in my past he admitted his conduct making any further inquiry at that point inadmissible and also make that argument made by counsel or by mister stiles who seems to have been fairly aggressive on his own behalf maybe did a better job than his lawyer did anybody make any argument that further examination was improper because further details the probative value that the government uh... presumably uh... could establish was outweighed by the prejudice of going into the details that objection was not made the only objection even assuming we bought what you said isn't the evidence in this case of what your client was convicted of so overwhelming that that would be harmless at best aside from the weight of the evidence rules and procedures are put in place for a reason he should have had a fair shake at this instead of being a defendant at the defense table who's then questioned not only about drug sales i understand that but we do have a harmless error rule maybe we shouldn't but we do have it and shouldn't we look at this case in the light of that yes your honor but under these circumstances when you take in conjunction a nineteen ninety three drug sale being divulged and then specifically going into a conviction and then you move on to the inquiry during his cross-examination and go into domestic violence from two thousand eight an uncharged crime mister metcalf could you at least now that your time has run out address the government's actual argument here uh... the guy you said and i think you're right that these past acts would not be admissible under rule six oh nine as impeachment of his credibility the government responds that's not our theory that this was admissible as direct contradiction of the defendant's testimony because the defendant got on the stand and as far as i can tell did not deny anything with respect to his guilt of this offense but basically made a kind of plea for mercy and nullification because he's such a good guy that's what the government says that they were entitled to rebut his claim that he's always been an upstanding citizen or non-citizen as the case may be uh... so that's their argument what is your response to that argument mister styles direct examination did not open up the door to these two inquiries that's your answer okay thank you very much thank you your honors